**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JANE DOE,

Petitioner,

v.

TODD BLANCHE, U.S. Attorney General, MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; MARCO CHARLES, Enforcement and Removal Operations, Acting Executive Associate Director; and DAVID EASTERWOOD, in his official capacity, Field Director for the Minnesota Field Office for ICE with DHS.

Respondents.

Case No. 26-CV-3622 (NEB/LIB)

ORDER ON
AMENDED PETITION FOR
WRIT OF HABEAS CORPUS

---

This matter is before the Court on Petitioner Jane Doe's Amended Petition for a Writ of Habeas Corpus filed under seal. (ECF No. 30 ("Am. Pet.").) Doe is a citizen of Mexico who has lived in the United States since at least 2021, when she entered the country without inspection. (Am. Pet. ¶ 94; ECF No. 32 ("Ans."), at 3.) Doe is a single mother of a four-year-old United States citizen. (Am. Pet. ¶ 93.) Doe is active in her community, has no criminal record, and claims status as a victim of a severe form of human trafficking. (*Id.*)

On August 13, 2026, Homeland Security Investigations ("HSI") special agents took Doe into custody. (Ans. at 4.) Doe filed this habeas petition challenging her detention under 28 U.S.C. § 2241.

## BACKGROUND

### I. Doe's Immigration History

Doe[1] first entered the United States in February 2020 but immediately returned to Mexico pursuant to an order of removal. (Ans. at 2–3; ECF No. 21-4.) Doe claims she was then trafficked as a forced laborer at a Central Minnesota farm from June through November of 2021. (Am. Pet. ¶¶ 94–95.)[2] In May 2026, Doe reported the trafficking to the Minnesota Attorney General's Office ("MN AGO"). (*Id.* ¶ 96.) Based on her report, the MN AGO provided her with a Form I-914 Supplement B documenting Doe's trafficking and assistance to law enforcement. (*Id.* ¶ 97; ECF No. 39.)

Also in May 2026, the Transportation Security Administration ("TSA") received a suspicious application for Full Air Carrier privileges.[3] That application contained fraudulent documents, including a permanent resident card and a social security card,

---

[1] Doe files this action under a pseudonym because she identified several dangers to her privacy and safety that could arise from public identification. (ECF No. 4.) The Court grants this motion.

[2] Survivors of human trafficking are uniquely vulnerable to identity theft and misuse, often losing control over their personal documents. *See Trafficking Survivor Identity Theft*, IDENTITY THEFT RESOURCE CTR., https://www.idtheftcenter.org/trafficking-survivor-identity-theft/ (last visited Oct. 7, 2026). Traffickers sometimes use forged documents in their victim's names to open bank accounts, register utilities, or even for criminal activity. *Id.*

[3] As far as the Court can tell, a "Full Air Carrier privileges" are credentials given to commercial air carriers. *See* Certification: Air Carriers and Commercial Operations, 14 C.F.R. § 119 (2025). Air carrier privileges are only granted to United States citizens. *Id.* § 119.33. It is not clear why Doe, an undocumented immigrant with no flight training, would apply for air carrier privileges as an individual, especially using falsified documents.

bearing Doe's name. (Ans. at 3; ECF No. 21-5.) HSI opened an investigation into those fraudulent documents and eventually issued a warrant for Doe's arrest based on her 2020 removal order. (Ans. at 3; ECF No. 21-2 (Form I-205 dated August 12, 2026).) HSI agents arrested Doe on August 13th, 2026 by breaking a car window and forcibly removing her. (Am. Pet. ¶¶ 106; Ans. at 4.)

The same day, Doe's counsel informed Respondents that Doe claimed status as a victim of human trafficking. (Am. Pet ¶ 108.) On August 14, 2026, Doe filed an application for a T-Visa[4] with USCIS. (Am. Pet. ¶¶ 110–111.) Doe then filed an administrative request for a stay of removal with Immigration and Customs Enforcement, ("ICE"). ICE quickly denied the request without giving a reason. (*Id.* ¶ 112–113.) ICE did not request a prima facie determination of Doe's T Visa application from USCIS as part of its review. (*Id.*)

Doe remains in detention in the Crow Wing County Jail in Brainerd, Minnesota. (Am. Pet. ¶ 115; Ans. at 4–5.) While in detention, Doe claims she has not been provided with access to information and resources she asserts she is entitled to as a victim of a severe form of human trafficking. (Am. Pet. ¶¶ 117–121.)

## II. ICWC

ICE policy on immigration enforcement against victims of human trafficking changed in 2025. *See Immigr. Ctr. for Women & Child v. Noem*, 351 F.R.D. 324, 353–55 (C.D.

[4] A T-Visa allows persons who have been victims of severe forms of human trafficking and meet other criteria to remain in the United States for a period of 4 years. 8 U.S.C. §§ 1101(a)(15)(T), 1184(o)(7)(A).

Cal. 2026) (discussing internal ICE policies).[5] Under a 2011 Policy and 2021 Directive, ICE refrained from enforcement actions against those with pending T Visa applications and required ICE to seek expedited adjudication of victim-based immigration applications like T Visas. A 2025 Guidance expressly rescinded and superseded the 2011 Policy and 2021 Directive. The 2025 Guidance (1) tells ICE to enforce immigration actions against T-Visa applicants and (2) no longer requires ICE to seek expedited adjudication of T-Visa applications unless doing so would be in ICE's interests.

In *ICWC*, the district court found that the 2025 Guidance was arbitrary, capricious, and contrary to law. 351 F.R.D. at 381–388. The court preliminarily certified three classes, and Doe claims to be a member of two of those classes: (1) the pending petition class and (2) the stay of removal class. (Am. Pet. ¶ 7 (citing *ICWC*, generally).)[6] The court then stayed the 2025 Guidance, including its rescission of the 2011 Policy and 2021 Directive, as applied to the members of those classes. 351 F.R.D. at 397.

---

[5] IMMIGR. & CUSTOMS ENF'T, POL'Y NO. 10076.1, PROSECUTORIAL DISCRETION: CERTAIN VICTIMS, WITNESSES, AND PLAINTIFFS (2011) (https://www.ice.gov/doclib/foia/prosecutorial-discretion/certain-victims-witnesses-plaintiffs.pdf); IMMIGR. & CUSTOMS ENF'T, DIRECTIVE 11005.3, USING A VICTIM-CENTERED APPROACH WITH NONCITIZEN CRIME VICTIMS (2011) (https://www.ice.gov/doclib/foia/policy/11005.3_UsingVictimCenteredApproachNoncitizenVictims.pdf); IMMIGR. & CUSTOMS ENF'T, POL'Y NO. 11005.4, INTERIM GUIDANCE ON CIVIL IMMIGRATION ENFORCEMENT ACTIONS INVOLVING CURRENT OR POTENTIAL BENEFICIARIES OF VICTIM-BASED IMMIGRATION BENEFITS (2025) (https://www.ice.gov/doclib/foia/policy/11005.4.pdf)

[6] Members of the pending petition class in *ICWC* are individuals with pending U and T Visa petitions whom "ICE detains or seeks to detain for civil immigration enforcement." *ICWC*, 351 F.R.D. at 396. Members of the stay of removal class are "individuals with a pending U or T Visa petition who, since January 30, 2025, have been, are, or will be detained by ICE and who request or requested a stay of a final removal order prior to enforcement of that removal order." *Id.*

## ANALYSIS

Doe challenges her continued detention on two primary grounds.[7] First, that her detention does not comply with the *ICWC* order, and second, that her detention does not comply with 8 U.S.C. § 1227(d)(1). (Reply at 2; Am. Pet. ¶¶ 159–258.) Both arguments ultimately rely on the premise that Respondents detained Doe pursuant to the 2025 Guidance.[8] But Respondents detained Doe based on the fraudulent documents used in the Full Aircraft Carrier application, not the 2025 Guidance. In fact, Respondents detained Doe before she even applied for a T Visa with USCIS. Doe cannot challenge her *detention* under a policy that does not apply to her detention, so a habeas petition is not the proper vehicle for her claims.[9]

Even if Doe could challenge her detention under the 2025 Guidance, she still fails to demonstrate that the *ICWC* order or Section 1227(d)(1) entitle her to habeas relief. Doe

---

[7] Doe also brought warrantless arrest claims in her amended petition but now concedes they are unlikely to survive, given the I-205 warrant produced by Respondents. (Am. Pet. ¶¶ 124–154; ECF No. 34, at 3–5; ECF No. 21-2.) The Court agrees. Production of the warrant foreclosed Doe's warrantless arrest claims.

[8] Some of Doe's arguments invoke due process by claiming a liberty interest in the bona fide prima facie determination of her T-Visa application. (Am. Pet. ¶¶ 262, 282.) But the Eighth Circuit has held that there is no constitutionally protected liberty interest in discretionary immigration relief like a T-Visa application. *Hanggi v. Holder*, 563 F.3d 378, 384 (8th Cir. 2009); *see also Nicholas L. L. v. Barr*, 2019-CV-2543 (ECT/TNL), 2019 WL 4929795, at *6–7 (D. Minn. Oct. 7, 2019) (finding no protectable liberty interest in a bona fide determination on a T-Visa).

[9] Doe challenges Respondents' decision to execute her *removal* in a separate action currently on appeal before the Eighth Circuit. (*See* ECF No. 34, at 2 n.1 ("In those proceedings, Petitioner is challenging the lawfulness of the removal order. In these proceedings, she is challenging the lawfulness of her detention.").)

argues that "Respondents are obligated to apply" the 2011 Policy and 2021 Directive to her as a member of an *ICWC* class. (Am. Pet. ¶ 7; Reply at 1–2.) This Court and others in this District agree that *ICWC* does not entitle petitioners like Doe to relief. *See, e.g.*, *Jouse Isaias M.P. v. Blanche*, No. 26-cv-3063 (NEB/JFD), ECF No. 9, at 6 n.3 (collecting cases). The *ICWC* order does not entitle Doe to release.

Doe also claims Respondents violated 8 U.S.C. § 1227(d)(1) by denying her request for a stay of removal without first seeking a prima facie determination on her T-Visa application. Section 1227(d)(1) does not mention or concern detention. It describes the process for making a prima facie determination of visa eligibility.[10] Claims based on alleged violations of Section 1227(d)(1) fall outside of the scope of habeas relief under Section 2241 because they do not challenge detention, only the administrative adjudication of a visa application. *See Thien Quoc Trinh v. Fannon*, 26-CV-369, 2026 WL 2475477, at *17–18 (D. Neb. Aug. 24, 2026). Respondents' alleged violations of Section 1227(d)(1) do not entitle Doe to release.

## CONCLUSION

1. Based on the foregoing and on all the files, records, and proceedings herein, Petitioner Jane Doe's amended petition for a writ of habeas corpus (ECF No. 30) is DENIED and DISMISSED WITHOUT PREJUDICE.

---

[10] 8 U.S.C. § 1227(d)(1) states:

> If the Secretary of Homeland Security determines that an application for nonimmigrant status under subparagraph (T) or (U) of section 1101(a)(15) of this title filed for an alien in the United States sets forth a prima facie case for approval, the Secretary may grant the alien an administrative stay of a final order of removal.

2. Respondents' Motion to Dissolve TRO (ECF No. 43) is GRANTED as a part of the dismissal.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 16, 2026

BY THE COURT:
s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge